IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD MCWHORTER, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 4:20-cv-776 |
| | ) | |
| WALMART INC. (f/k/a Wal-Mart Stores, Inc.), | ) ) | **JURY TRIAL DEMANDED** CLAIM IN EXCESS OF $75,000.00 |
| | ) | DIVERSITY JURISDICTION |
| Defendant. | ) | |

**COMPLAINT**

COMES NOW Plaintiff, Richard McWhorter, and for his cause of action against Defendant, WalMart Inc., f/k/a Wal-Mart Stores, Inc., states as follows:

**PARTIES**

1. Plaintiff, Richard McWhorter, is a resident and citizen of Bloomington, McLean County, Illinois.

2. Defendant, WalMart Inc., is a Delaware corporation with its principal place of business in Arkansas.

**VENUE & JURISDICTION**

3. Venue is proper in the Eastern District of Missouri in that the facts giving rise to Plaintiff's cause of action occurred in or around Marion County, Missouri.

4. Plaintiff, Richard McWhorter, and Defendant, WalMart Inc., are citizens of different states, the amount in controversy exceeds $75,000, exclusive of interest and costs, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

5. That on or about February 12, 2018, and at all times relevant hereto, Defendant, WalMart Inc. f/k/a Wal-Mart Stores, Inc., possessed, owned, operated, rented, managed and/or controlled retail store #609 located at 3650 Stardust Drive, Hannibal, Missouri.

6. That on or about February 12, 2018, the Plaintiff, Richard McWhorter, was an employee of USF Holland, Inc. working as a truck driver out of the Atlanta, Illinois terminal.

7. That on or about February 12, 2018, the Plaintiff, Richard McWhorter, as part of employment with USF Holland, was scheduled to make a delivery which included automobile parts/batteries to Wal-Mart Store #609 located at 3650 Stardust Drive, Hannibal, Missouri.

8. That Wal-Mart Store #609 has a loading dock where truck drivers are to deliver freight.

9. That at the above date and location, Plaintiff, Richard McWhorter, arrived to deliver the freight at the loading dock.

10. That the Plaintiff, Richard McWhorter, was an invitee of the Defendant, WalMart Inc. f/k/a Wal-Mart Stores, Inc.

11. That prior to the delivery, on February 10 and February 11, 2018, snow or other precipitation fell in Hannibal, Missouri, including the area of Wal-Mart Store #609.  That because of the snow or other precipitation, Wal-Mart Store #609 had the loading dock area plowed or shoveled and/or salted or otherwise treated so that it was safe for deliveries.

12. That following his arrival at the loading dock, however, Plaintiff, Richard McWhorter, was instructed by Wal-Mart manager or assistant manager, Adam Ferrell, to instead deliver the automotive batteries to a side door for the store and not the loading dock area.

## **COUNT 1 (Negligence)**

13.     Plaintiff, Richard McWhorter, incorporates by reference and realleges fully paragraphs one through 12 as if fully set forth here therein.

14.     That as a result of instructing that the Plaintiff, Richard McWhorter, make the delivery at said location, the Defendant, WalMart Inc., had a duty to make that delivery area reasonably safe for the delivery.

15.     That in violation of the aforesaid duty, the Defendant, WalMart Inc., by and through its employees, agents, and/or servants committed one or more of the following negligent acts and/or omissions:

- a) Instructed the Plaintiff to make a delivery at a location that had not been cleared of snow and/or ice; or
- b) Instructed the Plaintiff to make a delivery to a location where water was running off the building creating an unnatural accumulation of ice and water; or
- c) Failed to provide the Plaintiff with a safe place to make his delivery; or
- d) Failed to provide the Plaintiff a warning that the area he was requested to make the delivery had an unnatural accumulation of ice and water.

16.     That as a direct and proximate result of the above negligence and carelessness of the Defendant, the Plaintiff, Richard McWhorter, was caused to slip and fall on ice and water while attempting to make the delivery causing injuries to his neck, lower back, and shoulder, resulting in medical care and treatment and expenses, including epidural steroid injections and eventually a hemilaminectomy at L5 with laminotomy and foraminotomy at L4-5 and L5-S1, pain and suffering, and loss of wages.

WHEREFORE, Plaintiff, Richard McWhorter, prays for judgment against the Defendant, WalMart Inc., in Count 1 in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), for his costs incurred herein and for such other relief as this Court deems just and proper.

## **COUNT 2 (Premises Liability)**

17.    Plaintiff, Richard McWhorter, incorporates by reference and realleges fully paragraphs one through 12 as if fully set forth here therein.

18.    That as a result of the aforesaid, WalMart Inc., had a duty of ordinary care to make the premises safe.

19.    Further, Defendant, WalMart, Inc., knew or by the exercise of reasonable care should have known that the area that it instructed Mr. McWhorter to make the delivery to had not been shoveled and/or salted and/or knew or should have known that water was running off the building and onto the snow and ice creating an unnatural accumulation of ice and water and an unreasonable risk of harm to Mr. McWhorter.

20.    In addition, given that Defendant instructed Mr. McWhorter make the delivery to this area, Defendant anticipated or should have anticipated that Mr. McWhorter would fail to protect himself from this unreasonable risk of harm.

21.    That in violation of the aforesaid duty, the Defendant, WalMart Inc., by and through its employees, agents, and/or servants caused the property to present an unreasonable risk of harm to the Plaintiff as a result of one or more of the following negligent acts and/or omissions:

    a)    Instructed the Plaintiff to make a delivery at a location that had not been cleared of snow and/or ice; or
    b)    Instructed the Plaintiff to make a delivery to a location where water was running off the building creating an unnatural accumulation of ice and water; or
    c)    Failed to provide the Plaintiff with a safe place to make his delivery; or
    d)    Failed to provide the Plaintiff a warning that the area he was requested to make the delivery had an unnatural accumulation of ice and water.

22.    That as a direct and proximate result of the above negligence and carelessness of the Defendant, the Plaintiff, Richard McWhorter, was caused to slip and fall on ice and water while attempting to make the delivery causing injuries to his neck, lower back, and shoulder, resulting

in medical care and treatment and expenses, including epidural steroid injections and eventually a hemilaminectomy at L5 with laminotomy and foraminotomy at L4-5 and L5-S1, pain and suffering, and loss of wages.

WHEREFORE, Plaintiff, Richard McWhorter, prays for judgment against the Defendant, WalMart Inc., in Count 2 in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), for his costs incurred herein, and for such other relief as this Court deems just and proper.

    BYRON CARLSON PETRI & KALB, LLC

BY: */s/ Eric J. Carlson*
    Eric J. Carlson, #47423
    411 St. Louis Street
    P.O. Box 527
    Edwardsville, IL 62025
    (618) 656-0066
    (618) 655-4004 fax
    ejc@byroncarlson.com
    *Attorneys for Plaintiff*